IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01316-BNB

DENNIS D. CARTER,

    Applicant,

v.

ARISTEDES W. ZAVARAS, CDOC Director, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 4 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Dennis D. Carter is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Carter has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Prowers County District Court case number 99CR65.

On June 9, 2009, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On June 24, 2009, Respondents filed their Pre-Answer Response. Although he was given an opportunity to file a reply to the Pre-Answer Response, Mr. Carter has not done so.

The Court must construe the application liberally because Mr. Carter is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed.

Mr. Carter pled guilty in June 2000 to one count of incest with a stipulated sentence of five years to life in prison, to be served concurrently with a sentence arising from a parole violation in another case. He did not file a direct appeal. In 2001, Mr. Carter filed a postconviction motion in the trial court seeking to withdraw his guilty plea on the grounds that the plea was coerced by his public defender. On March 21, 2002, the trial court denied the postconviction motion. However, on August 28, 2003, the Colorado Court of Appeals reversed the trial court's order and remanded the case for further findings. On January 27, 2004, the trial court again denied the postconviction motion and Mr. Carter did not appeal that ruling.

On July 8, 2004, Mr. Carter filed a second postconviction motion in the trial court alleging that his sentence was imposed in an illegal manner. On September 17, 2004, the trial court granted Mr. Carter's request to withdraw the second postconviction motion.

On December 5, 2005, Mr. Carter filed a motion for appointment of postconviction counsel to represent him, which was granted by the trial court.

On April 9, 2007, Mr. Carter filed a third postconviction motion in the trial court alleging that his plea agreement was illegal because he had not received presentence confinement credit as promised and that the mittimus incorrectly stated he was subject to a period of mandatory parole rather than discretionary parole. On May 2, 2007, the

2

trial court denied the third postconviction motion.  The Colorado Court of Appeals subsequently affirmed the trial court's ruling.  *See People v. Carter*, No. 07CA1138 (Colo. Ct. App. Aug. 14, 2008) (unpublished).  On March 23, 2009, the Colorado Supreme Court denied Mr. Carter's petition for writ of certiorari.

The Court received the instant action for filing on May 28, 2009.  Mr. Carter asserts one claim for relief arguing that he has been denied due process because an integral part of his plea agreement was violated.  More specifically, Mr. Carter asserts that his sentence is not being credited with 344[1] days of presentence confinement credit as specified in his plea agreement.  Although the trial court's mittimus apparently included 343 days of presentence confinement credit, it also appears that the DOC withdrew the presentence confinement credit in May 2003 and applied that credit to Mr. Carter's parole violator sentence in response to a decision of the Colorado Supreme Court interpreting Colorado state law with respect to presentence confinement credit. *See People v. Norton*, 63 P.3d 339 (Colo. 2003).  As a result, Mr. Carter was required to serve approximately one additional year prior to being eligible for parole.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

---

[1]Although Mr. Carter refers to 344 days of presentence confinement credit, other documents in the Court's file, including Mr. Carter's opening brief in his state court appeal, refer to 343 days of presentence confinement credit.  This one-day difference is not pertinent to the Court's resolution of this case.

3

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that the one-year limitation period began to run on July 29, 2000, when Mr. Carter's conviction became final in accordance with § 2244(d)(1)(A). Although the Court agrees that Mr. Carter's conviction became final when the time for filing a direct appeal expired, it appears that Mr. Carter could not have discovered the factual predicate for his claim, i.e., the fact that he would not be granted presentence confinement credit, until the DOC withdrew the presentence confinement credit in 2003. Therefore, pursuant to § 2244(d)(1)(D), the Court finds that the one-year limitation period did not begin to run until some time in 2003.

4

The next question is whether any of the postconviction motions Mr. Carter filed in state court tolled the one-year limitation period pursuant to § 2244(d)(2). The Court finds that the one-year limitation period was tolled while Mr. Carter's first state court postconviction motion was pending. As noted above, Mr. Carter's first state court postconviction motion was not finally decided until January 27, 2004, when the trial court denied the motion on remand. The Court also finds that the one-year limitation period was tolled while Mr. Carter's second state court postconviction motion was pending. As noted above, Mr. Carter's second state court postconviction motion was filed on July 8, 2004, and denied on September 17, 2004. Because Mr. Carter did not file his third state court postconviction until April 9, 2007, more than two years after his second state court postconviction motion was denied, the one-year limitation period expired before the third state court postconviction motion was filed and the third state court postconviction motion did not toll the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As a result, the Court finds that this action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial

remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Carter fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Carter fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period.

Respondents also argue that this action should be dismissed because Mr. Carter failed to exhaust state remedies. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.

6

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted).  However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has presented his claims fairly to the state appellate courts and exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Carter failed to exhaust state remedies because he failed to raise his presentence confinement claim as a federal constitutional claim in state court.  Based on the Court's review of Mr. Carter's state court appellate briefs, the Court agrees with Respondents that Mr. Carter raised the presentence confinement claim in state court solely as a matter of state law.  Therefore, the Court finds that Mr. Carter failed to exhaust state remedies for the due process claim he is raising in this action.

Although Respondents assert that Mr. Carter's due process claim should be dismissed as unexhausted, the Court may not dismiss this action for failure to exhaust if

7

Mr. Carter no longer has an adequate and effective state remedy available to him. **See**

**Castille**, 489 U.S. at 351.  With limited exceptions that are not applicable to Mr.

Carter's due process claim, the Colorado Rules of Criminal Procedure bar him from

raising a claim in a successive postconviction motion. **See** Colo. R. Crim. P.

35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an

appeal previously brought or postconviction proceeding previously brought"); **see also**

**People v. Bastardo**, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review

is not available to address under a recently contrived constitutional theory issues that

were raised previously).  Therefore, the Court finds that Mr. Carter's due process claim

is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted

in state court on an independent and adequate state procedural ground, unless the

default is excused through a showing of cause and actual prejudice or a fundamental

miscarriage of justice." **Jackson v. Shanks**, 143 F.3d 1313, 1317 (10th Cir. 1998).

Application of this procedural default rule in the habeas corpus context is based on

comity and federalism concerns. **See Coleman v. Thompson**, 501 U.S. 722, 730

(1991).  Mr. Carter's **pro se** status does not exempt him from the requirement of

demonstrating either cause and prejudice or a fundamental miscarriage of justice. **See**

**Lepiscopo v. Tansy**, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Carter fails to demonstrate either cause and prejudice for his procedural

default or that a failure to consider his due process claim will result in a fundamental

miscarriage of justice.  Therefore, the Court finds that the due process claim is

procedurally barred and the action will be dismissed for that reason also.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d) and as procedurally barred.

DATED at Denver, Colorado, this 23 day of _____ Sept _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01316-BNB

Dennis Carter
Prisoner No. 96136
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Elizabeth Rohrbough
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/24/09

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk